UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-cv-132-TBR

SHARON PIERCEALL                                                         PLAINTIFF

v.                                       **ANSWER**
                                        (electronically filed)

PROGRESSIVE CORPORATION                                  DEFENDANT

       Comes now Progressive Corporation, by counsel, and submits the following answer to Plaintiff's complaint.

       1.      Defendant has insufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiffs Complaint and therefore denies the same.

       2.      Defendant states that Progressive Hawaii Insurance Company is the entity which issued a policy to Sharon Pierceall. Defendant denies the remaining allegations in this paragraph.

       3.      Defendant admits it does not maintain a registered agent in Kentucky. Defendant denies the remaining allegations in this paragraph.

       4.      Defendant has insufficient information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

       5.      Admit.

       6.      This paragraph does not contain any allegations directed towards this Defendant. Notwithstanding the foregoing, to the extent such paragraph is deemed to contain affirmative allegations, Defendant denies the same.

7. This paragraph does not contain any allegations directed towards this Defendant. Notwithstanding the foregoing, to the extent such paragraph is deemed to contain affirmative allegations, Defendant denies the same.

8. Defendant admits so much of paragraph 8 that Plaintiff obtained insurance coverage from Progressive Hawaii Insurance Company. The term of the last policy obtained by Plaintiff expired on July 30, 2018. Defendant denies the remaining allegations in this paragraph.

9. Defendant admits so much of paragraph 9 that Plaintiff obtained insurance coverage from Progressive Hawaii Insurance Company and received notice of when each policy term would lapse. Defendant denies the remaining allegations in this paragraph.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant has insufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. Defendant has insufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Defendants states that the terms of the policy speak for themselves. Plaintiff mischaracterizes the termination of this policy as a cancellation. Plaintiff did not renew coverage. Defendant denies the remaining allegations in this paragraph.

14. Defendant admits it has denied coverage for Plaintiff's claim for damages as those damages occurred outside the policy coverage period. Defendant denies the remaining allegations in this paragraph.

15. Defendant has insufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Deny.

17. Defendant has insufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Deny.

19. Defendant has insufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. Defendant denies all allegations of Plaintiff's Complaint not specifically admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, and it should, therefore, be dismissed.

## SECOND DEFENSE

Subject to what investigation and discovery reveal, any damages claimed by Plaintiff were caused in whole or in part by the negligence of Plaintiff and/or other parties, and the claims against Defendant are therefore barred, in whole or in part, under principles of comparative fault.

## THIRD DEFENSE

Subject to what investigation and discovery reveal, Defendant states that Plaintiff negligently failed to mitigate her damages, which negligence caused and contributed to her damages, if any, and Plaintiff's claims should be dismissed or her damages reduced accordingly.

## FOURTH DEFENSE

Defendant pleads each and every affirmative defense set forth in Fed. R. Civ. P. 8 and 12 to the extent applicable.

WHEREFORE, Defendant Progressive Corporation demands that the Plaintiff's Complaint be dismissed, for their costs herein expended, and for all other relief to which they are entitled.

> WHITLOW, ROBERTS, HOUSTON & STRAUB, PLLC
> Attorney for Defendant Progressive Corporation
>
> BY:   /s/ Ryan T. Polczynski
> Ryan T. Polczynski, Esq.
> 300 Broadway
> Post Office Box 995
> Paducah, Kentucky 42002-0995
> Telephone: (270) 443-4516
> Facsimile: (270) 442-1712
> rtp@whitlow-law.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been filed via ECF and on this 5th day of September 2018 and will be served by first class mail, postage prepaid, addressed to the following:

Jeanne Carroll, Esq., P.O. Box 1566, Murray, KY 42071, *Attorney for Plaintiff*

> /s/ Ryan T. Polczynski
> Ryan T. Polczynski, Esq.